**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MABLE LEE RAHMAN EL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:20-cv-0435-PX |
| NATIONSTAR MORTGAGE, LLC, *et al.*, | * | |
| Defendants. | * | |
| | * | |

***

**MEMORANDUM OPINION**

Plaintiff Mable Lee Rahman El ("Rahman") brings this *pro se* action against Defendants Nationstar Mortgage, LLC ("Nationstar"), Nationstar's CEO Jay Bray ("Bray"), Trustee Nathaniel D. Holland ("Holland"), the Federal National Mortgage Association ("Fannie Mae"); Bankers Financial Group and its CEO John Strong, and Wilmington Savings, Fund Society, FSB, in connection with a mortgage loan on her residence. ECF No. 14-1. Pending before this Court are motions to dismiss filed by Nationstar, Bray, Fannie Mae, and Holland (ECF Nos. 12 & 16), Plaintiff's motion to remand (ECF No. 14), and Plaintiff's motion titled "Request Permission for Admission" (ECF No. 19). No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court DENIES Plaintiff's motion to remand (ECF No. 14); DENIES Plaintiff's motion seeking admissions[1] (ECF No. 19); DENIES AS MOOT Defendants' motion to dismiss the original Complaint (ECF No. 12); and GRANTS Defendants' motion to dismiss the Amended Complaint with prejudice (ECF No. 16).

[1] Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 36, which allows parties to seek requests for admissions at the discovery stage. Discovery has not commenced in this case in light of the pending motions. Accordingly, this motion is denied. ECF No. 19.

## I. Background

On September 16, 2019, Plaintiff, a citizen of the State of Maryland, filed a Complaint in the Circuit Court of Prince George's County, Maryland, Case No. CAL19-30158, in connection with a mortgage loan secured by real property located at 11 Akin Avenue, Capitol Heights, Maryland 20743 (the "Property"). ECF No. 4. Plaintiff argued that none of the Defendants maintain any valid or lawful interest in the Property, and asked the state court to extinguish her remaining debt on the mortgage loan and "forever enjoin[]" the Defendants from asserting any entitlement, right, or interest in the Property. *Id.* at 14. On February 10, 2020, Plaintiff filed an Amended Complaint in state court that also seeks rescission of the mortgage loan. ECF No. 14-1.

Plaintiff had never properly served the Defendants when the action was in state court. ECF No. 1 ¶ 2. Defendants were therefore unaware that Plaintiff had filed an Amended Complaint when they noted removal on February 20, 2020.[2] ECF No. 16-1 at 2. On March 19, 2020, Defendants moved to dismiss the Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12. In response, Plaintiff moved to remand this action and attached a copy of the Amended Complaint previously filed in state court. ECF No. 14-1. Defendants then moved to dismiss the Amended Complaint, also under Federal Rule of Civil Procedure 12(b)(6), renewing many of the arguments previously asserted in their first motion. ECF No. 16-1.

[2] The Court shares Defendants' confusion regarding which individuals or entities Plaintiff intended to bring this action against, "as Plaintiff inconsistently interchanges corporate entities with their executive officers in several places found in the Summonses, the caption of the Complaint, and the body of the Complaint." ECF No. 1 ¶ 8. Defense counsel for Nationstar, Bray, Holland, and Fannie Mae affirms, and Plaintiff does not dispute, that counsel is "unaware of any service upon any of the other defendants in this action and the State Court Action docket is silent as to any service." *Id.* Accordingly, where the other potential defendants were never properly joined or served in this action, the Court agrees that their consent was not required to remove this case pursuant to 28 U.S.C. § 1446(b)(2)(A).

Given that Defendants have not moved to strike the Amended Complaint and that amendment of the complaint shall be freely granted to permit resolution on the merits, the Court will treat the Amended Complaint as the operative Complaint.[3] *See* Fed. R. Civ. P. 15(a)(2). The Court turns first to Plaintiff's motion to remand. ECF No. 14.

**II. Motion to Remand**

Plaintiff moves to remand this action on the basis that diversity jurisdiction is lacking. ECF No. 14. This Court, as one of limited jurisdiction, may hear only civil cases that implicate a federal question or are brought pursuant to the Court's diversity jurisdiction. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Thus, the defendant, as the removing party, bears the burden of demonstrating the court's jurisdiction over the matter. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Even if diversity jurisdiction does not exist, federal question jurisdiction certainly does. *See Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (holding that federal question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint") (quotation omitted); *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014) (noting the "well-pleaded complaint rule" requires the court to limit its inquiry to the "plaintiff's statement of his own claim") (quotation omitted). The Amended Complaint expressly pleads violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). *See* ECF No. 14-1 at 4, 5. Thus, it is apparent from the face

[3] For this reason, the Court will also deny as moot Defendants' motion to dismiss the Original Complaint (ECF No. 12). Defendants raise the same arguments in the motions challenging the sufficiency of the complaints, and, thus, denying the original motion as moot visits no prejudice on them. *Compare* ECF No. 12-1 with ECF No. 16-1.

of the Amended Complaint that this action arises, at least in part, under federal law, and that this Court has supplemental jurisdiction over the remaining state law claims, which arise out of the same operative facts. *See* 28 U.S.C. § 1367. Plaintiff's motion to remand is therefore denied. ECF No. 14. The Court next turns to Defendants' motion to dismiss the Amended Complaint. ECF No. 16.

**III. Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Furthermore, the Court may also take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Johnson v. United States Dep't of Justice*, No. PJM-14-4008, 2016 WL 4593467, at *4 (D. Md. Sept. 2, 2016) (citations omitted); *see also Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

While courts must liberally construe *pro se* complaints, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Randolph v. Balt. City States Atty*., No. WQD-14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014) (citation omitted); *see also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ( "Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court

is not obligated to ferret through a [c]omplaint … that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted).

Plaintiff has not satisfied the basic pleading requirements of Rule 8(a)(2). Fed. R. Civ. P. 8(a)(2). Plaintiff has not asserted any cognizable state or federal claims against any of the named Defendants. Nor has Plaintiff provided any set of facts that could plausibly challenge the existence or validity of her mortgage loan or that could give rise to a RESPA violation.[4] *See Johnson v. Prosperity Mortgage Corp.*, No. AW-11-02532, 2011 WL 5513231, *4 (D. Md. Nov. 3, 2011); *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM-14–3836, 2015 WL 5008773, *11 (D. Md. Aug. 20, 2015) (quotation omitted). Consistent with the Court's prior determination in a similar action that Plaintiff pursued against Nationstar, the pleadings here are "limited to streams of legal jargon that render her pleadings incomprehensible." *Rahman v. Nationstar Mortgage, LLC*, No. GJH-18-0368, 2018 WL 3575076, at *2 (D. Md. July 25, 2018); *see also* ECF No. 16-1 at 3. The facts as pleaded are sparse and indecipherable, and this Court cannot begin to make out whether a cognizable cause of action against the Defendants exists.[5] While it is clear that Plaintiff seeks rescission of her mortgage loan (ECF No. 14-1 at 7), ultimately none of the facts presented support a cognizable legal theory. This Court will therefore dismiss the Amended Complaint.

---

[4] For instance, Plaintiff first alleges in the Original Complaint that Nationstar violated RESPA by not providing "complete information" in response to a Qualified Written Request ("QWR"). ECF No. 4 at 10. In the Amended Complaint, Plaintiff abandons this theory, instead alleging that Defendants violated RESPA by failing to notify her of transfers of servicing of the loan. ECF No. 14-1 at 4-5. The factual averments for either theory are too vague and disjointed to support a RESPA claim. Nor has Plaintiff attached a purported QWR or any form of correspondence that would make plausible a RESPA violation of this kind.

[5] Defendants are correct that this case may well be barred under the doctrine of *res judicata* based on Plaintiff's previous action against Defendant Nationstar. *See Rahman v. Nationstar Mortgage, LLC*, No. GJH-18-0368, 2018 WL 3575076 (D. Md. July 25, 2018). However, both the Original and Amended Complaint are so devoid of specifics that this Court cannot fairly ascertain whether the Amended Complaint relates to, or could have been litigated in, the previous case. *See Wool v. Md-Nat'l Capital Park & Planning Comm.*, 664 F. Supp. 225, 228-29 (D. Md. 1987).

Defendant asks this Court to dismiss the case with prejudice. ECF No. 16 at 1. This Court must avoid dismissals with prejudice where a claim may be salvaged by amendment. Unfortunately, that is not possible here. Plaintiff has already amended the Complaint once to correct pleading deficiencies to no avail. At this juncture, the Court concludes that the claims are "truly unamendable," and thus dismissal with prejudice is proper. *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009), *abrogated on other grounds in Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020); *see Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013).

**IV. Conclusion**

For the foregoing reasons, the Court DENIES AS MOOT Defendants' motion to dismiss the Original Complaint (ECF No. 12); DENIES Plaintiff's motion to remand (ECF No. 14); GRANTS Defendants' motion to dismiss the Amended Complaint (ECF No. 16); DENIES Plaintiff's motion for requests for admission (ECF No. 19); and DISMISSES WITH PREJUDICE Plaintiff's Amended Complaint (ECF No. 14-1).

December 9, 2020
Date

/S/
Paula Xinis
United States District Judge